IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| HEARTLAND AUTOMOTIVE ENTERPRISES, INC. | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil No. 5:05-CV-044-CAR |
| UNITED STATES OF AMERICA by and through the COMMISSIONER OF INTERNAL REVENUE SERVICE | : : : : | |
| Defendant. | : : | |

*ORDER ON DEFENDANT'S*
*MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT*

This case is presently before the Court on Defendant's Motion to Dismiss or Alternatively for Summary Judgment [Doc. 3]. Plaintiff Heartland Automotive filed a Response [Doc. 8], and Defendant, the United States of America, replied [Doc. 10]. Even accepting Plaintiff's facts as true, after having considered the briefs, information presented in the pleadings, relevant law, and the arguments of the parties, the Court hereby **ORDERS** that Defendant's motion is **GRANTED** for the reasons listed below.

A taxpayer in a collection due process proceeding, such as Plaintiff, may not challenge the merits of an underlying tax or penalty if the taxpayer previously had the opportunity to dispute the tax liability. I.R.C. § 6330(c)(2)(B); Treas. Reg. § 301.6330-1(e)(3) Q&A E2. Heartland had such a previous opportunity when it contacted the revenue officer assigned to collect the penalties, and she declined to abate the penalties at issue. Then, Heartland appealed that denial to the Office of Appeals of the Internal Revenue Service, and the appeal was assigned to Janice Murphy of the IRS

Office of Appeals. Murphy determined that Heartland had not provided adequate evidence to establish a reasonable cause exception for not paying for not using the EFTPS system and in the case of the last quarter of 2001, not timely making its deposits. By letter dated October 9, 2003, she advised Heartland that its request for abatement was denied. This Court is precluded from considering Heartland's liability for the penalties at issue because Heartland had a prior opportunity to administratively contest that liability.

Despite the dismissal of this case, Plaintiff is not without an avenue by which it may challenge the merits of the penalty assessed against it. Plaintiff may pay the tax liability, file a claim for a refund with the IRS, and, if that claim is denied or if six months passes without action by the IRS, it may file a refund suit in federal court. See, e.g., 28 U.S.C. § 1346(a)(1), 26 U.S.C. §§ 6532(a)(1) and 7422(a), and Treas. Reg. § 301.6402-2. In other words, taxpayer's remedy in this case is a standard tax refund suit.

Also, the Court finds that Debra Daigle of the IRS Office of Appeals, the settlement officer for the Collection Due Process Hearing, had no prior involvement with the liabilities at issue. Daigle acted as an impartial officer of the IRS when she conducted the CDP hearing. Any action taken by Daigle prior to the hearing was standard preparation for a hearing of this type.

For the aforementioned reasons, Defendant's Motion to Dismiss is hereby **GRANTED**.

**SO ORDERED** this 19th day of July, 2005.

                                                  s/ C. Ashley Royal
                                                C. ASHLEY ROYAL
                                                UNITED STATES DISTRICT JUDGE